UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. GOTT, | ) | 3:15CV1148 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| JOHN COLEMAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | <u>AND ORDER</u> |

McHARGH, MAG. JUDGE

The petitioner Ray A. Gott ("Gott") has filed a petition pro se for a writ of habeas corpus, arising out of his 2011 conviction for voluntary manslaughter, with a firearm specification, in the Lucas County (Ohio) Court of Common Pleas.  (Doc. 1.) In his petition, Gott raises two grounds for relief:

>1.  The trial court committed error by excluding expert testimony central to defense of self-defense.
>
>2.  The trial court improperly excluded and/or limited evidence of the character of the victim.

(Doc. 1.)  The respondent has filed a Return of Writ.  (Doc. 9.)  The petitioner has not yet filed a Traverse.

Currently before the court are Gott's motion for the appointment of counsel (doc. 8), and Gott's motion for extension of time to file his Traverse (doc. 10).

The petitioner seeks appointment of counsel to represent him in this habeas

proceeding. (Doc. 8.) His motion stated that a memorandum in support, giving his reasons to support the appointment, was attached (doc. 8, at 1); however, no such memorandum was actually attached to the motion. The court notified Gott that the memorandum was missing, but he has not filed anything in response.

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *McKethan v. Mantello*, 292 F.3d 119, 123 (2d Cir. 2002); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

However, a district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Hoggard*, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. *Morris*, 217 F.3d at 558-559. The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary. *Hoggard*, 29 F.3d at 471; *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). Federal courts have not developed a uniform approach to motions for appointment of counsel.

In *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a

petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *See also Hoggard*, 29 F.3d at 471 (same). In *Sellers v. United States*, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

The court has reviewed the record, and the grounds of Gott's petition. The court has considered the factors discussed in *McCall* and *Sellers*. The motion (doc. 8) for appointment of counsel is DENIED.

Gott's motion (doc. 10) for extension of time to file his Traverse is GRANTED, and Gott shall file his Traverse on or before January 22, 2016.

IT IS SO ORDERED.

Dated:   Dec. 8, 2015              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

3