UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY A. GOTT, | ) | 3:15CV1148 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| JOHN COLEMAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Ray Gott for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of State of Ohio v. Gott, Case No. CR-2010-1636 (Lucas County Feb. 28, 2011 ). (Doc. 9, RX 16.) For the following reasons, the magistrate judge recommends that the petition be denied.

The petitioner Ray A. Gott ("Gott") has filed a petition pro se for a writ of habeas corpus, arising out of his 2011 conviction for voluntary manslaughter, with a firearm specification, in the Lucas County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Gott raises two grounds for relief:

 1. The trial court committed error by excluding expert testimony central to defense of self-defense.

2. The trial court improperly excluded and/or limited evidence of the character of the victim.

(Doc. 1.) The respondent has filed a Return of Writ (doc. 9), and the petitioner has filed a Traverse (doc. 14).

## I. PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following procedural background:

Gott's conviction for voluntary manslaughter stems from the shooting death of Edward Christopher Lee on April 4, 2010.

On April 3, 2010, Lee celebrated his birthday at a barbecue with friends and family. After the barbecue, Lee and his wife, Vonetta, went to the Liberty Bar with Vonetta's brother, Sherlon McKenzie, and McKenzie's fiancée, Leticia Dorsey. Gott's daughter, Ashley, who had once dated McKenzie, was also at the bar that night with three of her cousins. There was conflicting testimony about whether Ashley spoke with McKenzie, Lee, or Vonetta at the Liberty Bar, but the witnesses seemed to agree that Ashley and Leticia did not interact at that time.

At this point the witnesses' versions of events diverge. According to the state's witnesses, when the bar closed, Lee and Vonetta left separately in one car, and McKenzie and Leticia in another. They were headed to an after-hours club on Lagrange Street. Although not part of the group, Ashley and her cousins followed McKenzie and Leticia. While they were stopped at a stop sign or a stoplight at an intersection, Ashley's group pulled Leticia from the car and began hitting her with a high-heeled shoe. Leticia sustained cuts that were bleeding. Lee and Vonetta arrived and Ashley and her cousins took off. Ashley denies that she or her cousins instigated the fight at the intersection and claims that McKenzie, Leticia, Vonetta, and Lee were all together and that it was they who assaulted Ashley.

After the incident at the stop sign, Leticia became intent on fighting Ashley "one-on-one." She went home to change her clothes and clean up, and she assembled a group that included McKenzie, Lee, Vonetta, Leticia's sisters, Kevia and Kiana Dorsey, among others. A caravan of

several cars headed to the Moody Manor apartments, where Ashley's sister lived, to seek out Ashley. Ashley wasn't there, so the group left.

Shortly after leaving, Leticia and her group learned that Ashley had arrived at Moody Manor. Leticia's group returned so the two women could fight. A crowd of approximately 30 people assembled in the parking lot. Like Leticia, Ashley was there with a group of people, including Gott. People began fighting in the parking lot. At some point during the fighting, Gott retrieved a gun and fired multiple shots. One hit McKenzie's leg and one hit Lee's leg. After being shot, Lee lay on the ground. The state claims that while Lee was on the ground, Gott stood over him, said "no one fucks with my family," and despite pleas by Lee that they were leaving and that Gott should stop shooting, Gott fired another shot into Lee's chest. Police and ambulance were called and transported Lee to St. Vincent Hospital where he later died. Gott fled before the police arrived and instructed his nephew to throw the gun in the river. Numerous witnesses identified Gott in a photo array and he ultimately turned himself in.

On April 13, 2010, Gott was indicted for Lee's murder, a violation of R.C. 2903.02(B), and for the felonious assault of McKenzie, a violation of R.C. 2903.11, both carrying firearms specifications under R.C. 2941.145. The case went to trial before a jury from February 7 to February 18, 2011. Gott claimed that Lee was the aggressor and that he shot Lee in self-defense but did not intend to kill him. Although Gott conceded during police questioning that he was the only one with a gun, he presented witnesses at trial who testified that Lee also had a gun. At the conclusion of the trial, the trial court instructed the jury on self-defense and, over the state's objection, on the reduced charge of voluntary manslaughter. The jury returned a guilty verdict on the voluntary manslaughter charge, with a firearms specification. It rendered a verdict of not guilty on the murder and felonious assault charges.

(Doc. 9, [RX 21](RX 21), at 2-4; State v. Gott, No. L-11-1070, 2013 WL 5728347, at *1-*2

(Ohio Ct. App. Oct. 18, 2013).)

Gott filed a timely direct appeal of his conviction, raising three assignments of error:

> 1. The trial court committed error by excluding expert testimony central to defense of self-defense.
>
> 2. The trial court improperly excluded and/or limited evidence of impeachment.
>
> 3. The decision of the trial court was against the manifest weight of the evidence.

(Doc. 9, RX 19.) The court of appeals affirmed the judgment of the trial court. (Doc. 9, RX 21; Gott, 2013 WL 5728347.)

Gott failed to filed a timely appeal to the Supreme Court of Ohio. However, the state high court granted his subsequent motion for leave to file a delayed appeal. (Doc. 9, RX 28.) In his delayed appeal, Gott set forth the following propositions of law:

> 1. The trial court committed error by excluding expert testimony central to defense of self-defense.
>
> 2. The trial court improperly excluded and/or limited evidence of impeachment.

(Doc. 9, RX 29.) On May 28, 2014, the court declined to accept jurisdiction of the appeal. (Doc. 9, RX 31; State v. Gott, 139 Ohio St.3d 1404, 9 N.E.3d 1062 (2014).)

Gott filed a timely petition for a writ of habeas corpus in this court.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under

4

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Gott has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. PROCEDURAL DEFAULT

The respondent contends that the second ground of the petition is procedurally defaulted because Gott failed to raise the impeachment issue as a federal issue on direct review. ([Doc. 9](#), at 13-15.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991);

Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Gott's claim would be procedurally defaulted if he failed to fairly present the claim as a matter of federal law to the state courts. Mason v. Brunsman, No. 09–3939, 2012 WL 1913965, at *6 (6th Cir. May 29, 2012), cert. denied, 133 S.Ct. 447 (2012) (quoting Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001). The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly

7

>  presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)). See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005). To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising solely under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

The second assignment of error raised by Gott on direct appeal was: "The trial court improperly excluded and/or limited evidence of the character of the victim." (Doc. 9, RX 19, at 15.) Gott contended that he sought to support his claim of self-defense through testimony about the character of the victim, and his propensity for violence. Id. at 15-16. Gott argued that the court allowed only testimony that at certain times the victim possessed a firearm, without allowing the specifics of those instances to be testified to. Id. at 18. Gott did not raise a federal constitutional issue in his arguments on the second assignment of error.

The court of appeals discussed the types of character evidence that can be offered under Ohio law to support a self-defense claim. (Doc. 9, RX 21, at 11-18; Gott, 2013 WL 5728347, at *5-*8.) The court ruled that,

8

> . . . despite the evidence of specific acts being improper, the trial court actually permitted Gott to question Vonetta about specific instances of violence perpetrated by Lee, despite the fact that Gott did not demonstrate that he had knowledge of those incidents before shooting Lee. Much information about Lee's character was made known to the jury.

(Doc. 9, RX 21, at 17; Gott, 2013 WL 5728347, at *8.) The court also found:

> . . . to the extent that Gott claims it was necessary to introduce evidence of specific acts to demonstrate that Vonetta was untruthful when she said that she did not know Lee to carry a weapon and did not know whether he had a reputation for violence, the trial court gave him considerable leeway to do just that. In fact, the trial court allowed Lee to go well beyond what was necessary to impeach Vonetta's trial testimony.

(Doc. 9, RX 21, at 17; Gott, 2013 WL 5728347, at *8.) The state court of appeals' rulings were based on state law, and did not address any federal constitutional issues.

Gott failed to "fairly present" his second ground to the state courts as a federal constitutional issue, but rather argued it as an issue arising under state evidentiary law. None of the factors outlined in McMeans, 228 F.3d at 681, are present in Gott's brief on appeal, or in the state court's resolution of his claim. The second ground of the petition has been procedurally defaulted because Gott failed to fairly present the claim as a matter of federal law to the state courts.

## IV. EVIDENTIARY RULING

The first ground of the petition is: "The trial court committed error by excluding expert testimony central to defense of self-defense." The respondent

9

contends that the general rule is that alleged errors in state evidentiary rulings do not provide a basis for federal habeas relief, and the petition should not be granted on that basis. (Doc. 9, at 20-25.)

> The trial court had ruled, after a hearing:
>
> . . . the Court finds that Dr. Connell's testimony, regarding this specific type of testimony, lacks the appropriate scientific basis in order to be admissible as expert testimony. Whether defendant genuinely believed he was in imminent danger is a matter for the jury to consider, as it lies within common knowledge and does not require any scientific explanation.

(Doc. 9, RX 4, at [3].)

On appeal, Gott argued that the trial court erred in its ruling applying Ohio Evid.R. 702, concerning expert testimony. (Doc. 9, RX 19, at 11-15.) Gott contended that "Ohio has in essence codified Daubert[1] in Ohio Rule of Evidence 702 which is identical to Federal Rule of Evidence 702." Id. at 11; see also doc. 14, at 8. Gott asserted that the trial court improperly focused its entire attention to the reliability of the proposed expert testimony on self-defense, rather than considering the three factors in Ohio Evid.R. 702. Id. at 13-14. Gott argued that the trial court

---

[1] In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), the U.S. Supreme Court held that "general acceptance" is not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but a federal trial judge must ensure that an expert's testimony both rests on a reliable foundation and is relevant to the issue.

applied the incorrect standard, and the refusal to admit the expert's testimony was reversible error. Id. at 15.

The court of appeals noted that, under Ohio law, the trial court has broad discretion in the admission of evidence, and thus limited its review of the court's rulings to "determining whether the trial court acted unreasonably, arbitrarily, or unconscionably in its decisions to admit or exclude evidence." (Doc. 9, RX 21, at 4; Gott, 2013 WL 5728347, at *2, citing State v. Barnes, 94 Ohio St.3d 21, 23, 759 N.E.2d 1240 (2002).)

The state court reviewed the elements of the affirmative defense of self-defense under Ohio law, and moved on to whether the expert's contested testimony was admissible or not under Ohio Evid. Rule 702. (Doc. 9, RX 21, at 6-7; Gott, 2013 WL 5728347, at *3.) The court stated:

> Expert testimony is inadmissible under [Ohio] Evid.R. 702(A) if it concerns matters "within the ken of the jury."
>
> The second element of a self-defense claim requires defendant to establish that he had a bona fide belief that he was in imminent danger of death or great bodily harm, and that the only means of escape from the danger was the use of force. This is a subjective test and the defendant's state of mind is crucial. It is usually best established by the testimony of the defendant.
>
> Expert testimony ordinarily may not be admitted to establish a self-defense claim. Courts typically follow the general rule that expert testimony from a psychologist or psychiatrist is inadmissible for purposes unrelated to the insanity defense. Narrow exceptions exist in cases involving battered woman or battered child syndromes. In those types of cases, expert testimony often assists the jury by dispelling popular misconceptions they may have about battered women and

11

> children. In the absence of one of those exceptions, however, expert
> psychological testimony is not admissible.

(Doc. 9, RX 21, at 8-9; Gott, 2013 WL 5728347, at *4, citations omitted.)

The court reviewed Ohio case law on the issue, and ruled:

> . . . it was within the province of the jury to evaluate whether
> defendant had reasonable grounds to believe and an honest belief that
> he was in immediate danger of death or great bodily harm and that his
> only means of escape from such danger was by the use of deadly force.
> Evid.R. 702(A) was not satisfied, thus the trial court properly excluded
> Dr. Connell's testimony.

(Doc. 9, RX 21, at 11; Gott, 2013 WL 5728347, at *5.) The court's discussion of the evidentiary issue, throughout, was based solely on state law. See generally doc. 9, RX 21, at 6-11; Gott, 2013 WL 5728347, at *3-*5.

Gott's first ground alleges that the trial court committed error by excluding expert testimony which was central to his defense of self-defense. Gott points to the court's hearing on "an oral motion in limine for a Daubert hearing." (Doc. 1, at § 12; see generally doc. 9, RX 4.) In his Traverse, Gott invokes Daubert, and then notes that in Ohio courts should favor the admissibility of expert testimony wherever it is relevant, and the criteria of Evid. R. 702 are met. (Doc. 14, at 10, citing State v. Williams, 4 Ohio St.3d 53, 57-58, 446 N.E.2d 444 (1983).) Gott argues that the trial court applied the incorrect standard in analyzing the admissibility of the testimony under Rule 702. (Doc. 14, at 13.) Gott argues that the state court decision was contrary to clearly established federal law, presumably meaning Daubert. Id.

12

The clearly established rule is that alleged errors of state law, especially rulings regarding the admission or exclusion of evidence, are not generally within the purview of a federal habeas court.  Estelle v. McGuire, 502 U.S. 62, 68-70 (1991); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540 U.S. 930 (2003).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their evidentiary rulings.  Small v. Brigano, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).

Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 549 U.S. 1255 (2007).  See also Bugh, 329 F.3d at 512; Farraj v. Wolfenbarger, No. 10-13627, 2014 WL 1091752, at *10 (E.D. Mich. Mar. 18, 2014).  Courts have defined the category of errors that are fundamentally unfair very narrowly.  Bugh, 329 F.3d at 512.  Gott has not made the case that his claim fits within this narrow category.

As to Daubert, that decision interpreted the Federal Rules of Evidence, which are not relevant to Gott's conviction in state court.  Norris v. Schotten, 146 F.3d 314, 335 (6th Cir. 1998), cert. denied, 525 U.S. 935 (1998); Wolfenbarger, 2014 WL 1091752, at *10; Williams v. Withrow, 328 F. Supp. 2d 735, 745 (E.D. Mich. 2004).

Furthermore, the decision in Daubert was not based on constitutional grounds, and did not establish any constitutional precedent. Williams, 328 F. Supp. 2d at 745.

Gott has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the first ground.

## SUMMARY

The petition for a writ of habeas corpus should be denied. The petition should not be granted on the basis of the first ground because Gott has failed to establish that the state court decision was contrary to clearly established federal law, as determined by the Supreme Court. The second ground of the petition was procedurally defaulted because Gott failed to fairly present his claim as a matter of federal law to the state courts.

RECOMMENDATION

The petition for a writ of habeas corpus should be denied.


Dated:  July 21, 2016                  /s/ Kenneth S. McHargh
                                       Kenneth S. McHargh
                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).