UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| RAY A. GOTT, | : | CASE NO. 3:15 CV 1148 |
| Petitioner, | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Doc. 1] |
| JOHN COLEMAN, Warden, | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Ray A. Gott petitions for habeas corpus relief under 28 U.S.C. § 2254 from his 11-year sentence.[1] He alleges two grounds for relief.[2] Magistrate Judge Kenneth S. McHargh filed a Report and Recommendation ("R&R") in this case.[3] He recommends that the petition be denied.[4] Petitioner objects to the R&R on all grounds.[5] For the following reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DENIES** Petitioner's § 2254 petition.

## I. Background

Petitioner Gott argues that the state trial court erred by excluding expert testimony and character evidence of the victim, both of which were central to his self-defense argument.

In March 2011, Petitioner Gott was convicted of voluntary manslaughter with a firearm specification in Lucas County, Ohio, Case No. L-11-1070.[6] The trial court sentenced him to an 11-year imprisonment.[7]

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 9. Petitioner Gott filed a traverse. Doc. 14.
[2] Doc. 1.
[3] Doc. 15.
[4] *Id.*
[5] Doc. 18 at 1.
[6] Doc. 9-1, Ex. 16.
[7] *Id.*

Case No. 3:15 CV 1148
Gwin, J.

Petitioner Gott appealed the trial court's ruling.[8] He argued that the trial court erred by 1) improperly excluding expert testimony central to his self-defense argument, 2) improperly excluding and/or limiting impeachment evidence, and 3) issuing a decision against the manifest weight of the evidence.[9] In 2013, the Ohio Sixth District Court of Appeals affirmed the trial court's decision.[10]

Although Petitioner Gott failed to file a timely appeal to the Ohio Supreme Court, the court granted his motion for leave to file a delayed appeal.[11] With that appeal, Gott argued that the trial court erred by 1) improperly excluding expert testimony central to his self-defense argument, and 2) improperly excluding and/or limiting impeachment evidence.[12] In May 2014, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.[13]

On June 8, 2016, Petitioner Gott filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court.[14] Gott argues that the trial court erred by 1) improperly excluding expert testimony central to his self-defense argument, and 2) improperly excluding and/or limiting evidence of the victim's character.

On July 21, 2016, Magistrate Judge McHargh issued an R&R recommending that the petition be denied.[15] The R&R finds that on ground one, Gott failed to establish that the state court's evidentiary decision was contrary to clearly established federal law.[16] On ground two, the

---

[8] Doc. 9-1, Ex. 17, 18.
[9] *Id.*, Ex. 19.
[10] *Id.*, Ex. 20.
[11] *Id.*, Ex. 28.
[12] *Id.*, Ex. 29.
[13] *Id.*, Ex. 31.
[14] Doc. 1.
[15] Doc. 15.
[16] *Id.* at 14.

Case No. 3:15 CV 1148
Gwin, J.

R&R finds that Gott's claim is procedurally defaulted because he failed to present his claim as a federal-law violation in the state courts.[17]

Petitioner objects to the R&R.[18] He argues that his first ground for relief should succeed because the state court's decision was contrary to clearly established federal law, namely the Supreme Court's *Daubert v. Merrell Dow Pharm., Inc.* [19] decision. He further argues that his second ground for relief was properly presented as a federal issue in state court.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[20] A district court may adopt without review parts of the R&R to which no party has objected.[21]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [22] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[23] To satisfy the exhaustion requirement, the state courts must have "one full opportunity to resolve any constitutional issues."[24] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[25]

---

[17] *Id*. at 14.
[18] Doc. 18.
[19] 509 U.S. 579 (1993).
[20] 28 U.S.C. § 636(b)(1).
[21] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[22] 28 U.S.C. § 2254.
[23] 28 U.S.C. § 2254(b)(1)(A).
[24] *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999).
[25] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).

Case No. 3:15 CV 1148
Gwin, J.

Nor will a district court consider alleged violations of state law.[26] However, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process.[27] Only when a state ruling "offend[s] some principle of justice so rooted in the traditions and conscience of our people" does it constitute fundamental unfairness.[28] The habeas petitioner bears the burden of showing that "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental.[29]

### III. Discussion

#### A. Expert Testimony

Petitioner Gott argues that the trial court's exclusion of expert testimony was contrary to clearly established federal law, specifically the Supreme Court's *Daubert v. Merrell Dow Pharm., Inc.* decision. Petitioner's argument fails.

A state evidentiary ruling violates due process "only where it 'is so egregious that it results in a denial of fundamental fairness.'"[30] The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly."[31]

At trial, Petitioner Gott attempted to introduce expert testimony regarding whether he had a reasonable belief of imminent harm for purposes of his self-defense argument.[32] The trial court found that the testimony "lack[ed] the appropriate scientific basis," and that whether Petitioner

---

[26] *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S. § 2254(a)).
[27] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[28] *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977)).
[29] *Bey*, 500 F.3d at 521.
[30] *Hudson v. Lafler*, 421 F. App'x 619, 627–28 (6th Cir. 2011) (citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)).
[31] *Dowling v. United States*, 493 U.S. 342, 352 (1990).
[32] Doc. 9-1, Ex. 4 at 2.

-4-

Case No. 3:15 CV 1148
Gwin, J.

had a reasonable belief of imminent danger was "a matter for the jury to consider, as it lies within common knowledge and does not require any scientific explanation."[33]

The state appellate court considered the propriety of the trial court's decision under Ohio Rule of Evidence 702. The appellate court found that expert psychological testimony is only admissible in support of self-defense arguments in very rare circumstances, none of which applied to Petitioner's case.[34]

Petitioner Gott acknowledges that both the trial and appellate courts relied on Ohio law in their analyses.[35] He argues, however, that the trial court violated federal law because Ohio has "codified" the Supreme Court's *Daubert* decision[36] and the "Federal Rules of Evidence . . . are relevant to [his] conviction in state court."[37]

Petitioner Gott is mistaken. *Daubert* governs application of the Federal Rules of Evidence, which are not relevant to proceedings in Ohio state courts.[38] Instead, Ohio courts apply their own set of evidentiary rules. And federal habeas courts "presume that [Ohio courts] correctly interpret[] Ohio evidence law."[39]

Because Petitioner Gott's argument is based on a state-law question, he must show that the decision "contradicts Supreme Court precedent and violates a fundamental right."[40] Petitioner fails to make such a showing—the "very narrow[]" category of fundamental fairness violations is not implicated here.[41]

---

[33] *Id.* at 3.
[34] Doc. 9-1, Ex. 21 at 8-9.
[35] Doc. 18 at 6.; *see also* Doc. 9-1, Ex. 4 at 1-2; Ex. 21 at 6-11.
[36] 509 U.S. 579 (1993).
[37] Doc. 18 at 5-6.
[38] *Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998).
[39] *Small v. Brigano*, 134 F. App'x 931, 936 (6th Cir. 2005).
[40] *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007).
[41] *Dowling v. United States*, 493 U.S. 342, 352 (1990).

Case No. 3:15 CV 1148
Gwin, J.

### B. Character Evidence

Petitioner Gott also argues that the trial court improperly excluded and/or limited evidence of the victim's character at trial. Because Petitioner failed to exhaust this claim as a federal constitutional violation in state court, his argument fails.

Federal courts "do not have jurisdiction to consider a claim in a *habeas* petition that was not 'fairly presented' [as a matter of federal law] to the state courts."[42] Claims are "fairly presented" if there is "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing [of] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ation of] facts well within the mainstream of constitutional law."[43]

At trial, Petitioner sought to introduce evidence of the victim's propensity for violence to support his self-defense argument. On appeal, Petitioner Gott argued that the trial court allowed evidence that the victim sometimes possessed a firearm, but improperly excluded any details of those incidents.[44]

In his brief, Petitioner did not allege a federal constitutional violation.[45] Nor did the appellate court's analysis address federal constitutional issues.[46] Because Petitioner's second ground for relief was presented as a state evidentiary question in the state courts, this Court does not have jurisdiction to consider the claim.

---

[42] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (quoting *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir.1987)).
[43] *Id.* (citing *Franklin*, 811 F.3d at 326).
[44] Doc. 9-1, Ex. 19 at 18.
[45] *Id.* at 15-19. Petitioner's brief does not cite any legal authority for support. A quotation from the trial court transcript mentions "405(b)"—a reference to Ohio Rule of Evidence 405(b)—which deals with admissibility of specific acts when they constitute an "essential element of a charge."
[46] Doc. 9-1, Ex. 21 at 14-18.

Case No. 3:15 CV 1148
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the R&R. The Court **ADOPTS** in whole Magistrate Judge McHargh's R&R and incorporates it fully herein by reference. The Court **DENIES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[47]

IT IS SO ORDERED.

Dated: October 18, 2016                               *s/          James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[47] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).